UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| THOR KRAJNYK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 18 CV 3858 |
| | ) | |
| The CITY OF CHICAGO, Illinois, a municipal corporation, Chicago police officers DANIEL YOUNG #11526 and EFRAIN RODRIGUEZ #13237, and Chicago police sergeant SONIA RIOS, #1677, | ) ) ) ) ) ) | Judge<br><br>Magistrate |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff THOR KRAJNYK ("KRAJNYK"), by and through his attorneys, makes the following complaint against Defendants CITY OF CHICAGO, Illinois ("Defendant CITY"), and Chicago police officers DANIEL YOUNG #11526, EFRAIN RODRIGUEZ #13237, and SONIA RIOS #1677 ("Defendant OFFICERS"):

### JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of the Plaintiff's rights as secured by the United States Constitution and Illinois common law.

2. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1434.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this complaint occurred within this district.

### PARTIES

4. Plaintiff THOR KRAJNYK is a 64 year-old retired Chicago police officer.

5. At all relevant times, Defendant OFFICERS are or were Chicago Police Officers, employed by Defendant CITY, acting under color of law and within the scope of their employment.

6. Defendant CITY is a municipal corporation duly incorporated under the laws of the State of Illinois, and was or is the employer and principal of Defendant OFFICERS. Should Plaintiff prevail on his claims, Defendant CITY must indemnify Defendant OFFICERS on Plaintiff's federal claims pursuant to 725 ILCS 10/9-102.

## FACTS

### Fourth Amendment Violation on January 28, 2017

7. KRAJNYK was employed by the Chicago Police Department from September 28, 1998, to March 20, 2017, at the rank of police officer.

8. On Saturday January 28, 2017 at approximately 12:00 p.m., KRAJNYK was off-duty as a Chicago Police Officer, but was working a part-time security job at the Walmart store at 4626 West Diversey Avenue, in Chicago, Illinois.

9. On Saturday January 28, 2017 at approximated 12:00 p.m., Defendant OFFICERS were on duty and working as Chicago police officers.

10. At approximately 12:00 p.m. on January 28, 2017 there was a minor traffic accident in the Walmart parking lot where KRAJNYK was working security.

11. One of the drivers involved in the accident called the Chicago police.

12. While KRAJNYK was investigating the accident in the parking lot, Defendants YOUNG and RODRIGUEZ arrived on scene.

13. Defendants YOUNG and RODRIGUEZ approached KRAJNYK, physically grabbed him, and began searching him.

14. During this encounter, KRAJNYK identified himself as an off-duty Chicago Police Officer to Defendants YOUNG and RODRIGUEZ.

15. Defendants YOUNG and RODRIGUEZ began swearing at KRAJNYK and accused him of impersonating a police officer.

2

16. Defendants YOUNG and RODRIGUEZ took KRAJNYK's official police identification and service weapon.

17. Defendant RIOS arrived on scene during the incident.

18. Defendant RIOS had the responsibility for supervising Defendants YOUNG and RODRIGUEZ.

19. Defendant OFFICERS kept possession of KRAJNYK's identification and service weapon even after they knew that he was a member of the Chicago Police Department.

20. During this time, KRAJNYK was detained by Defendant OFFICERS.

21. Eventually Defendant RIOS returned KRAJNYK's service weapon and identification to him.

22. KRAJNYK complained to Defendant RIOS about his treatment by Defendants YOUNG and RODRIGUEZ.

23. Defendant RIOS had a conversation with Defendants YOUNG and RODRIGUEZ.

24. KRAJNYK went inside the Walmart store and into the loss prevention office.

25. A short time later, Defendant RIOS came into the store and found KRAJNYK. RIOS and KRAJNYK had a conversation about reporting the incident to the Chicago Police Department internal affairs unit or to the City of Chicago's Independent Police Review Authority (IPRA).

26. Defendant RIOS asked for KRAJNYK's cell phone number and stated that she would be in touch. However, RIOS never called or contacted KRAJNYK after this date.

27. Later that same day, KRAJNYK went to IPRA's office to file a formal complaint accusing Defendants YOUNG and RODRIGUEZ of misconduct.

28. KRAJNYK found out later that YOUNG and RODRIGUEZ made a false complaint to the Chicago Police Department's Bureau of Internal Affairs (BIA) that KRAJNYK failed to properly identify himself to them as a police officer in the Walmart parking lot.

29. **KRAJNYK's Retirement**A Chicago ordinance requires police officers to retire at the age of 63.

30. On March 20, 2017, KRAJNYK turned 63 and was forced to retire from the Chicago Police Department.

31. Prior to KRAJNYK's retirement, KRAJNYK was never contacted or interviewed by anyone from BIA or any one else from the Chicago police department about the false allegations that Defendants YOUNG and RODRIGUEZ had made about him.

32. The BIA investigation into the allegations made against KRAJNYK by YOUNG and RODRIGUEZ was still pending when KRAJNYK retired on March 20, 2017.

33. At all relevant times, it was the policy and practice of the Chicago Police Department to issue what is known as "retirement identification cards" to those sworn peace officers employed by Defendant CITY who retire, such as KRAJNYK.

34. Pursuant to Chicago Police Department General Order U01-01, section IX(A)(7)[1], a sworn member who leaves the Chicago Police Department in good standing and has served a minimum of ten years creditable service is eligible for a retirement identification card.

35. For many years, the Chicago Police Department has had a *de facto* custom to grant virtually all retiring officers a retirement identification card.

36. These retirement identification cards are frequently used by retired police officers in seeking employment in the field of private security.

37. At all relevant times, there was in force and in effect a certain statute in the United States Code known as "Carrying of concealed firearms by qualified retired law enforcement officers" (e.g. 18 USC Section 926C) which provides that a "retired law enforcement officer" (such as KRAJNYK) "who is carrying identification required by subsection (d) may carry a concealed firearm."

---

[1] Available at: http://directives.chicagopolice.org/directives/

38. In August of 2017, KRAJNYK learned that due to YOUNG and RODRIGUEZ's pending allegations against him at the time of his retirement, the Chicago Police Department did not consider KRAJNYK to have retired in "good standing," and thus, he was ineligible for the retirement identification card.

39. This decision was made by the Chicago Police Department without notice to KRAJNYK and without an opportunity for him to be heard.

40. As a result of Defendant CITY's claim that KRAJNYK did not retire in "good standing," KRANJYK has been hindered in efforts to find employment.

## COUNT I
(42 U.S.C. § 1983, Unlawful Seizure)

41. Each of the preceding paragraphs is incorporated as if fully restated here.

42. As described above, Defendant OFFICERS seized Plaintiff by taking his identification and restraining him without legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

43. One or more of the Defendant OFFICERS was aware of the misconduct of his or her fellow police officers, had a reasonable opportunity to intervene to prevent it, but failed to do so.

44. As a direct and proximate result of the circumstances of this illegal seizure, Plaintiff has suffered damages, which will be proven at trial.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
(42 U.S.C. § 1983, Procedural Due Process)

45. Each of the preceding paragraphs is incorporated as if fully restated here.

46. As described more fully above, Plaintiff has a cognizable property interest in his retirement identification card.

47. As described more fully above, Plaintiff has been deprived of that property interest without due process and in an arbitrary manner.

48. As described more fully above, Plaintiff was neither given a chance to respond nor a full and fair hearing before he was denied his retirement identification card, in violation of Plaintiff's rights under the 14th Amendment to the United States Constitution.

49. As a direct and proximate result of the Defendant CITY's withholding of Plaintiff's retirement card, Plaintiff has suffered damages, which will be proven at trial.

    **WHEREFORE,** Plaintiff prays for a judgment against Defendant CITY in a fair and just amount sufficient to compensate him for his damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**KRAJNYK DEMANDS TRIAL BY JURY.**

Respectfully submitted,

Thor Krajnyk, Plaintiff,

By: /s Thomas P. Needham
    One of Plaintiff's Attorneys

The Law Office of Thomas P. Needham
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3171
tpn@needhamlaw.com
Attorney No. 6188722

By: /s Torreya L. Hamilton
    One of Plaintiff's Attorneys

The HAMILTON LAW OFFICE, LLC
53 West Jackson Blvd. Suite 452
Chicago, IL 60604
tlh@thehamiltonlawoffice.com
Attorney No. 6229397